UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS RAY PIRTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-2101-JMB |
| ) | |
| DANIEL BULLOCK, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Nicholas Ray Pirtle, an inmate at the Moberly Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $20.08. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $100.43, and an average monthly balance of $39.35. The Court will therefore assess an initial partial filing fee of $20.08, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that if the essence of an allegation is discernible, the court should construe the complaint in a way that permits the plaintiff's claim to be construed within the proper legal framework. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Additionally, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against 22 defendants. The defendants include the St. Francois County Sheriff, sheriff's deputies, medical personnel at the St. Francois County jail, St. Francois County Commissioners, prosecuting attorneys, and a public defender. Plaintiff states he sues the defendants in their official and individual capacities.

According to the complaint, in June of 2017, plaintiff was arrested by the Farmington police department "on several traffic citations and a motorcycle accident." (Docket No. 1 at 8). He was taken to the St. Francios County Jail, and placed in a holding cell with six other people. Because of the cell's size and lack of adequate bunks and seating, most inmates had to sit, stand or sleep on the floor. Inmates are commonly housed in this manner for three to five days, leaving "the people" without recreation, showers or proper hygiene. *Id.* at 8. Plaintiff had been in a motorcycle accident and he requested medical treatment, "which was denied by St. Francois

3

County Deputy Sheriff employees working in the booking area," and "employees" refused plaintiff's necessary heart medication. *Id.* Plaintiff had chest pains, but was refused medical treatment and placed in a suicide chair by Deputy Trent Franklin.

Days later, plaintiff was moved to general population with thirty to forty other people. The area was overcrowded and there were not enough bunks. Plaintiff was given a thin mat and a small blanket. He witnessed physical assaults, and sometimes "the employees" watched inmates assault each other. *Id.* at 9.

After several days of living in this environment, plaintiff experienced chest pains. An inmate pressed the intercom button for him. Five or ten minutes later, plaintiff was moved to a cell "by holdover to be denied proper medical care." *Id.* Nurse Heather Smith told him he would be held there for observation, and told him he should not have come to jail or broken the law. Plaintiff writes: "[w]hile continuous denial of needed medication I remained in the medical cell" from July to September 2017, and "[d]enial of exercise, fresh air, clean linen/cloths, phone calls, correspondence with family or privileged mail with attorneys, legal materials, access to the courts, face to face discussion between counsel and myself." *Id.* at 9-10.

Plaintiff alleges that "Staff of the St. Francois County Sheriff Department refused to take [him] to a local hospital for care of several heart attacks." *Id.* at 10. He writes a list of 13 defendants and states they were involved in "[a]ll mentioned refusals." *Id.* He claims the rights of other inmates were violated, and the environment was unsanitary and stressful. He alleges that when he complained about symptoms, "jail staff" would say "tuff" and refer him to Nurse Smith, who was angry and disrespectful. *Id.* By the end of September, he was moved and conditions remained unsatisfactory. For example, he was not permitted to shower often. Plaintiff claims that inmates can only get relief from these conditions by pleading guilty, which

4

violates the Due Process clause. He claims he has suffered "irreversible physical damage" and that other inmates have suffered as well. *Id.* at 12.

As relief, plaintiff wants the defendants to stop committing the "claimed violations," and he seeks a total of $20,020,000 in monetary relief. *Id.* at 13.

## Discussion

The complaint is defective and subject to dismissal. It appears plaintiff wishes to claim he was denied adequate medical care. However, he fails to plead sufficient facts from which the Court can infer that he had an objectively serious medical need, and that any defendant deliberately disregarded that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (describing the elements of a deliberate indifference claim).

Plaintiff also appears to bring this case, at least in part, to vindicate the rights of his fellow inmates. While federal law authorizes plaintiff to plead and conduct his own case personally, *see* 28 U.S.C. § 1654, he lacks standing to bring claims on behalf of others. In addition, plaintiff does not allege, nor is it apparent, that he is a licensed attorney. Only a licensed attorney may represent another party's interests in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court). Plaintiff also attempts to bring a myriad of unrelated claims for relief against a total of 22 defendants, which is impermissible. *See* Fed. R. Civ. P. 20(a)(2).

Finally, in setting forth his claims, plaintiff most often describes allegedly unlawful conduct and conditions for which "employees," "staff," or other unspecified people are responsible, or he lists the names of certain defendants and states, in conclusory fashion, that they are responsible. This is insufficient. Plaintiff is required to allege facts showing how each

5

named defendant was directly involved in or personally responsible for the alleged deprivation of his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"), *Iqbal*, 556 U.S. at 676 (". . . a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"), *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege the personal responsibility of the defendant).

Because plaintiff is proceeding *pro se*, the Court will allow him to amend his complaint. Plaintiff is warned that the amended complaint will replace the original complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wants to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $20.08. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall file an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 5th day of February, 2019.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE